UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| DAVID WAYNE BAKER, | |
| Plaintiff, | Civil Action No. 06-CV-91-HRW |
| vs. | |
| ATTORNEY GENERAL ERIC H. HOLDER., JR., ET AL., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Defendants United States of America, the Bureau of Prisons ("BOP"), Warden E.K. Cauley, and Inmate Systems Manager Cathy Wyatt have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [R. 51] Plaintiff David Wayne Baker has filed his response in opposition to the motion. [R. 55] The motion is therefore ripe for decision.

**I.     Background**

Baker is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. On June 6, 2006, Baker filed his Complaint in this action pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] In his Complaint, Baker challenged (1) the BOP's imposition of a co-payment for health care services; (2) its regulation preventing inmates from possessing a copy of their presentence report ("PSR"); (3) its regulations permitting mail received from courts which lack the required labeling to be opened outside the presence of the inmate; and (4) its regulation preventing inmates from receiving sexually-explicit materials.

On January 17, 2007, the Court entered a Memorandum Opinion and Order rejecting each of Baker's claims upon initial screening and dismissing the Complaint with prejudice. [R. 22, 23] The Court rejected each claim as lacking in legal merit, as barred by the statute of limitations, for failure to exhaust administrative remedies, or for several of these reasons. Baker timely appealed that decision to the Court of Appeals for the Sixth Circuit. [R. 25]

On July 3, 2008, the Sixth Circuit entered its opinion on appeal. [R. 36] The opinion does not address Baker's claims regarding health care co-payments or possession of his PSR, claims that Baker apparently abandoned on appeal. With respect to the prison's policy of opening mail received from courts outside of his presence, the Sixth Circuit affirmed the dismissal of claims accruing on or before November 29, 2004, as barred by the statute of limitations. The Sixth Circuit reversed this Court's dismissal of claims accruing after that date for failure to demonstrate exhaustion of administrative remedies as contrary to the Supreme Court's intervening decision in *Jones v. Bock*, 549 U.S. 199 (2007). Similarly, the Sixth Circuit affirmed this Court's dismissal of Baker's March 15, 2004, claim regarding receipt of sexually-explicit magazines as time-barred, but reversed dismissal of his March 14, 2006, claim for failure to demonstrate exhaustion as contrary to *Jones*. Finally, the Sixth Circuit concluded that Baker's allegations regarding these two types of claims were sufficiently well pled to satisfy the particularity requirements of Federal Rule of Civil Procedure 8. The Sixth Circuit entered its mandate on September 11, 2008. [R. 37]

Following remand, on June 16, 2009, the Court ordered service of process upon defendants on the surviving claims. [R. 41] In response, the Defendants filed their motion to dismiss or for summary judgment on August 11, 2009. [R. 51] As grounds for their motion,

Defendants indicate that Baker did not file any inmate grievances with respect to his legal mail claims on or after June 6, 2005, the one-year anniversary date before the filing of this Complaint, and that he did not file any inmate grievances with respect to his sexually-explicit magazine claim on or after March 15, 2006, the date on which he informally requested staff permit him to order and receive such materials. Defendants therefore argue Baker has not administratively exhausted these claims. Defendants also generically contend that the BOP's regulations regarding the handling of mail from courts and sexually-explicit materials are constitutionally sound.

In his response [R. 55], Baker implicitly acknowledges that he did not file inmate grievance forms with respect to his surviving claims, but contends (1) the Defendants may not raise exhaustion in a motion to dismiss under Rule 12; (2) his exhaustion of claims which are barred by the statute of limitations nonetheless gave "fair notice" to the Defendants of those claims which are not, and the latter should therefore be deemed exhausted; and (3) he was not required to file a grievance with respect to each act taken pursuant to an established policy which he is challenging. With respect to the merits of his claims, Baker asserts that he has stated viable claims and that genuine issues of material fact preclude the entry of summary judgment. Finally, Baker contends that he is entitled to discovery prior to determination of Defendants' motion under Federal Rule of Civil Procedure 56(f). Baker has also filed separate motions to file an amended complaint and to compel discovery. [R. 56, 57] The Court will discuss each of these matters below.

**II.     Discussion**

      A.     <u>Defendants' Motion for Summary Judgment</u>.

Defendants have moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. [R. 51] Baker opposes the Defendants' motion under Rule 12 because, he asserts, the affirmative defense of failure to exhaust administrative remedies is not one of the enumerated defenses expressly identified in Rule 12(b). [R. 55 at pg. 10-13] Rule 12(b) requires that every defense to a claim be asserted in a responsive pleading such as an answer, but also permits a party to assert certain defenses, such as improper venue or lack of personal jurisdiction, by motion. Through its use of the term "may," Rule 12(b) permits, but does not require, the identified bases for dismissal to be asserted by motion. Nothing in the terms of the rule precludes the assertion of other substantive bases for dismissal by motion. Indeed, other unenumerated grounds for dismissal - such as failure to exhaust administrative remedies and the statute of limitations - are commonly decided on motions to dismiss, a practice approved by the Sixth Circuit and the Supreme Court. *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.")

Even if this were not so, the defenses raised by the Defendant are properly before the Court. Because the Defendants have included additional material in support of their motion and rely upon materials extrinsic to the Complaint, the Court must treat their motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Mays v. Buckeye Rural Elec. Co-op, Inc.*, 277 F.3d 873, 877 (6th Cir. 2002) (district court may properly consider motion to dismiss as one for summary judgment when invited to consider matters outside the pleadings); *Ball v.*

4

*Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (where defendant moves both to dismiss and for summary judgment, plaintiff is on notice that summary judgment is being requested). The question of exhaustion and the viability of Baker's claims are therefore properly before the Court on Defendants' motion for summary judgment.

Rule 56 requires the entry of summary judgment for the moving party if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992). The rule permits a defendant to challenge the viability of the plaintiff's claim by asserting that at least one essential element of plaintiff's claim is not supported by legally-sufficient evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). The defendant does not need his own evidence to support this assertion, but need only point to the absence of evidence favoring the plaintiff. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). In response, the plaintiff cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrate that factual questions remain for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003). If the totality of the evidence submitted -- viewed in a light most favorable to the plaintiff with the benefit of any reasonable factual inferences which can be drawn in his favor, *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005) -- "would require a directed verdict for the moving party," summary judgment must be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the nonmovant to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback*, 113 F.3d 639, 642 (6th Cir.

1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1444 (6th Cir. 1993).

Baker asserts that the motion for summary judgment is premature because he has not yet been afforded the opportunity to conduct discovery. While Baker invokes Rule 56(f), his affidavit does not establish that he "cannot present facts essential to justify its opposition" to the motion. Baker asserts that he seeks (1) the identity of the "Unknown John Does" named as Defendants in his Complaint; (2) information regarding Defendant Wyatt's authorization of or participation in opening his incoming legal mail; and (3) a listing of all incoming legal mail that was opened. But Baker offers no explanation how this information would assist him in resisting Defendants' motion for summary judgment, which is based upon exhaustion of administrative remedies and the pure questions of law regarding the constitutionality of the BOP's regulations regarding incoming legal mail and sexually-explicit materials. Because the information Baker seeks is not relevant to these questions, a request for time to conduct discovery is not a basis to delay consideration of Defendants' summary judgment motion. *Stewart v. Evans*, 351 F.3d 1239, 1244 (D.C. Cir. 2003) (in *Bivens* suit under Fourth Amendment, Rule 56(f) request for discovery was properly denied where no amount of discovery could have altered undisputed facts); *Building and Const. Dept. v. Rockwell Intern. Corp.*, 7 F.3d 1487 (10th Cir. 1993) (where requesting parties failed to show that discovery would produce any evidence relevant to motion, Rule 56(f) motion is properly denied).

B. <u>Exhaustion of Administrative Remedies</u>.

Federal law requires a prisoner to exhaust all administrative remedies available through the prison's inmate grievance system prior to filing suit. 28 U.S.C. § 1997e(a). In the Court's January 17, 2007, Memorandum Opinion and Order, the Court noted that Baker had

6

administratively exhausted his claims regarding opening of his "legal mail" on April 29, 2004, and his claims regarding receipt of sexually-explicit materials on July 20, 2004. Because he waited until June 6, 2006, to file suit, however, the Court found that his claims were barred by the statute of limitations, [R. 22] a conclusion affirmed by the Sixth Circuit on appeal. [R. 36]

In his Complaint, however, Baker also complained of the same conduct occurring long after he had completed the grievance process. While certain of this conduct appeared to fall within the statute of limitations period, and hence would not be time barred, notably absent from the extensive documentation provided by Baker regarding his efforts at exhaustion was any indication that he had exhausted his administrative remedies regarding this later conduct. On this ground, the Court found that Baker had not exhausted his administrative remedies, a determination reversed by the Sixth Circuit in light of the Supreme Court's subsequent decision in *Jones v. Bock*, 549 U.S. 199 (2007). [R. 36]

The question to be determined on remand is therefore whether Baker did, in fact, administratively exhaust these claims. The Defendants state unequivocally that he did not:

> An examination of Plaintiff's official administrative remedy history shows on or after the relevant dates ... Plaintiff did not file any administrative remedies at any level regarding the opening of his legal mail or the sexually-explicit publication ban.

Declaration of Joseph Tang at ¶6. [R. 51-2] In his response, Baker does not contradict this critical assertion. At several places in his response, Baker asserts that there is a factual dispute about whether he exhausted his administrative remedies, but there is none. What Baker does contend is that although he did not exhaust his administrative remedies with respect to his surviving claims by invoking and completing the BOP's inmate grievance process, he

7

nonetheless was either not required to do so or should be deemed to have done so as a matter of law. The Court will discuss his arguments in turn.

First, Baker argues that through his prior invocation of the grievance process in 2004, the BOP was put on "fair notice" of his claims, and therefore he was not required to exhaust his claims again for conduct occurring thereafter. Baker cites *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) for this proposition, which set forth the Sixth Circuit's rule that a grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made." Contrary to Baker's suggestion, *Burton*'s holding relates to the sufficiency of the allegations made in a particular prison grievance to put prison officials on notice of the nature of prisoner's claim -- it does not remotely support the notion that once prison officials are aware of that claim, the prisoner is thereafter excused from fully and properly exhausting a claim arising out of similar but distinct conduct as required by 42 U.S.C. § 1997e and *Woodford v. Ngo*, 548 U.S. 81, 86 (2006).

Second, Baker argues that because the conduct about which he complained was the same in each instance and taken pursuant to an established BOP regulation, he was not required to initiate a separate grievance for each occurrence. There is authority which holds that where the issue complained of is not an isolated or particular instance of conduct, but a policy or repeated pattern of conduct, the inmate may exhaust administrative remedies by filing a single grievance, and is not required to separately grieve each event. *Howard v. Waide*, 534 F.3d 1227, 1244 (10th Cir. 2008) (*citing Johnson v. Johnson*, 385 F.3d 503, 521 (5th Cir. 2004)); *Aiello v. Litscher*, 104 F.Supp.2d 1068, 1074 (W.D. Wis. 2000). The Sixth Circuit has not addressed the issue.

However, the Court need not determine whether a prisoner's challenge to a pattern of conduct taken pursuant to a policy may be administratively exhausted by filing a single grievance, because such a determination would not assist Baker even if decided in his favor. Entirely apart from the merits of his underlying claims, Baker must have satisfied two procedural requirements for each claim: he must have timely and properly exhausted his administrative remedies, and then filed suit within the statute of limitations. Baker has not satisfied both of these procedural requirements with respect to any claim. As previously noted, while Baker did administratively exhaust both of his surviving claims in 2004, his failure to file suit until 2006 resulted in those claims being time-barred. And while his Complaint filed in 2006 may complain of conduct occurring within the one year immediately preceding its filing, the record establishes that he did not exhaust his administrative remedies with respect to that conduct which transpired within the limitations period. The record therefore establishes that Baker has not exhausted his administrative remedies with respect to any timely-filed surviving claim, and those claims must therefore be dismissed with prejudice. *Woodford v. Ngo*, 548 U.S. 81, 86 (2006).

    C.    <u>Merits of the Underlying Claims</u>.

Even if Baker had timely and properly exhausted his administrative remedies, both of his surviving claims would fail on the merits.

Baker's first claim is that the BOP is violating his constitutional rights by opening mail, outside of his presence, which is sent to him by a state or federal court but which lacks the "Special Mail - Open only in the presence of the inmate" label required by BOP regulations for "Special Mail" treatment. 28 C.F.R. § 540.2(c). As support for his argument, Baker relies on the Sixth Circuit's statement in *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) that "mail

9

from a court constitutes 'legal mail' and cannot be opened outside the presence of [the inmate]."

This Court has previously noted, however, that this isolated sentence indicates only the recognition of the basic right of prisoner's to receive mail. Both the Supreme Court and the Sixth Circuit have long recognized that this right is subject to reasonable regulation to meet a prison's security needs. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (inmates' right to have legal mail opened only in their presence is subject to reasonable prison regulations); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (prison officials may impose restrictions that are reasonably related to security or other legitimate penalogical objectives); *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993) ("prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security.")

In a decision issued after *Sallier* was handed down, at least one district court found no constitutional violation where the BOP adhered to the same mail regulations at issue in this case. *Merriweather v. Zamora*, 2006 WL 2711809, at *4 (E.D.Mich. 2006) ("BOP P.S. 5265.11 is a reasonable regulation within the meaning of *Wolff*. The envelopes [which] did not indicate "legal mail," "open only in presence of inmate," or substantially similar language and were therefore not accorded constitutionally protected status."). The Court cited the *Merriweather* opinion in its original Memorandum Opinion and Order dismissing the case. During the pendency of Baker's appeal and subsequent proceedings, the *Merriweather* decision has been affirmed in pertinent part. In *Merriweather v. Zamora*, 569 F.3d 307 (6th Cir. 2009), the Sixth Circuit affirmed the dismissal on qualified immunity grounds of claims against mailroom employees in a federal prison to the extent those individuals acted consistently with the same BOP policy at issue here. *Id.* at 312 ("Before turning to the qualified immunity analysis, we

10

must first consider whether any of the contested pieces of mail qualify as properly labeled legal mail.") Noting that the Supreme Court upheld the validity of prison mailroom regulations similar to those here over thirty years ago, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Sixth Circuit held that in the aftermath of *Sallier* it is the "'blatant disregard' for mail handling regulations concerning legal mail [that] violates constitutional protections." *Merriweather*, 569 F.3d at 317. Here, Baker does not contend that BOP employees disregarded the applicable mail regulations; rather, he asserts that they are liable for adhering to a policy which is itself unconstitutional. In light of the Sixth Circuit's affirmance in *Merriweather*, this claim unquestionably fails as a matter of law.

Baker's second claim is that the BOP regulations which prohibit federal prisoners from purchasing or obtaining sexually-explicit materials violates his constitutional rights. Program Statement 5266.10 ¶7 implements 28 C.F.R. §540.72 and 28 U.S.C. §530C(b)(6) (the "Ensign Amendment"). As the Court noted in its original opinion, numerous court have upheld the BOP's regulations in general and the Ensign Amendment in particular against constitutional challenges by prisoners. *Thompson v. Patterson*, 985 F.2d 202, 207 (5th Cir. 1993) (prison officials may restrict access to sexually explicit materials consistent with the First Amendment); *Amatel v. Reno,* 156 F.3d 192, 196-202 (D.C.Cir. 1998) (restrictions imposed by Ensign Amendment on prisoner's First Amendment rights satisfy *Turner v. Safley,* 482 U.S. 78 (1987) standards); *see also Boyd v. Stalder*, 2006 WL 3813711, at *4-5 (W.D. La. December 27, 2006) (upholding state prison rule prohibiting receipt of sexually-explicit materials).

Numerous courts have been faced with challenges to prison policies that are functionally identical to the one at issue here, and have correctly found that a prison's need to maintain

institutional security and to deter aggressive or violent behavior amply justifies the limited restriction imposed. *See Robertson v. South Carolina Dep't of Corrections*, 2010 WL 679070, at *9 (D.S.C. February 24, 2010) ("the SCDC policy is an incentive to promote good behavior and a desire to avoid placement in the ASU. Furthermore, restricting prisoner access to pornography is rational because the restriction reduces the risk that inmates will engage in disruptive sexual acts and/or sexual violence, thereby promoting institutional security."); *Baasi v. Fabian*, 2010 WL 924384, at *12 (D. Minn. March 11, 2010) ("restricting a prisoner's access to sexually explicit materials is reasonably related to the legitimate penalogical interests of safety, of preventing sexual harassment, and of rehabilitating sex offenders.") (finding other *Turner* factors satisfied where prison officials had no other viable means to protect prison safety from disruptive effects of pornographic material and inmate retained alternative means of exercising First Amendment rights); *Beard v. Banks*, 548 U.S. 521, 532-33 (2006) (upholding policy prohibiting inmates from accessing newspapers, magazines, and photographs against First Amendment challenge under *Turner* standard). The Court therefore reiterates its agreement with the District of Columbia Court of Appeals that the Ensign Amendment's prohibition against a prisoner receiving sexually explicit materials satisfies *Safley*'s requirement that the regulation be "reasonably related to legitimate penalogical interests." *Safley*, 482 U.S. at 89; *Amatel,* 156 F.3d at 196-202. Baker's constitutional challenge to the BOP's regulations regarding sexually-explicit materials therefore fails as a matter of law.

    D.    <u>Baker's Motion to Compel Discovery and to Amend Complaint</u>.

Approximately one month after Baker filed his response to the Defendants' motion for summary judgment, on November 19, 2009, Baker filed a motion to compel the Defendants to

respond to interrogatories he propounded upon them shortly after they filed their motion. [R. 57] In his motion, Baker indicates that on August 20, 2009, he sent interrogatories to the Defendants seeking information on how incoming mail addressed to prisoners is handled by mailroom staff, as well as the identities of mailroom staff who handled that mail. Baker asserts that when he had not received a response to his discovery requests, on October 1, 2009, he sent a letter to Defendants' counsel inquiring as to the status of a response. Defendants' counsel apparently failed to respond to Baker's second letter on October 21, 2009. Defendants also did not file any response to Baker's motion to compel.

As a threshold matter, one cannot condone the Defendants' failure to respond to Baker's discovery requests, to his correspondence regarding those discovery requests, or to his motion to compel. While Baker delayed in making any discovery requests until a motion for summary judgment had been filed, the appropriate step for a party wishing to avoid discovery pending the outcome of a dispositive motion is to request a stay of discovery or seek a protective order, it is not to simply ignore the request. *See Apotex Corp. v. Merck & Co., Inc.*, 229 F.R.D. 142, 145 (N.D. Ill. 2005) (contention that patentee would ultimately lose case was not a proper basis to refuse to respond to its discovery requests, where defendant had answered complaint, rather than moving to dismiss or seeking summary judgment, and had not sought a stay of discovery or a protective order barring or limiting discovery).

Nonetheless, the Court will deny the motion to compel in light of its disposition of Baker's claims. The information sought by Baker in his interrogatories is similar in kind to that which he identified in his Rule 56(f) request to delay consideration of the Defendants' motion for summary judgment. While it may be generally relevant to his claims, it has no bearing upon

the dispositive questions raised by the Defendants with respect to his exhaustion of administrative remedies or the constitutionality of the BOP regulations. A court should deny a motion to compel where the information sought will not undermine a summary judgment granted on other grounds. *Cf. Brown v. Inter Ocean Ins. Co.*, 438 F.Supp. 951, 955 (N.D. Ga. 1977) (where insurer was entitled to summary judgment in diversity breach of contract action brought by widow of life insurance applicant, any further inquiry into insurer's normal practices or procedures for processing insurance applications and issuing policies was unwarranted and, therefore, the widow's motion to compel the insurer to answer certain questions propounded to its employee regarding other pending lawsuits was denied).

Baker has also filed a motion to file an amended complaint to add further allegations regarding the handling of mail received from courts after his complaint was filed in this action. While leave to file an amended complaint may be freely granted under Federal Rule of Civil Procedure 15, the Court will deny leave to amend the Complaint at this late stage in the proceedings. This case was filed nearly four years ago, and has already been appealed the Sixth Circuit and remanded for further proceedings. First, the sheer passage of time is sufficient ground to deny amendment in light of the evident prejudice to the Defendants. *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (untimeliness alone is an adequate reason to refuse leave to amend a complaint); *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 679 (7th Cir. 2005) (affirming denial of motion to amend complaint when filed late in litigation and in response to motion for summary judgment). Further, the amended complaint seeks to add merely new instances of BOP mailroom staff opening letters received from courts, and absent from Baker's new allegations

is any suggestion that he exhausted his administrative remedies with respect to this conduct. While Baker was not required to make such an allegation under *Jones*, given the prominence of exhaustion as an issue in this litigation, Baker's silence on this point is notable. In light of the Court's determination that the BOP's mail policies are constitutional, adding allegations of new instances of adherence to that policy creates no new viable claims, and amendment may be denied as futile. *See Martinez v. Junta de Planificacion de Puerto Rico*, 736 F. Supp. 413, 422 (D. Puerto Rico 1990) (motion to amend complaint filed after defendant has moved for summary judgment will not be granted unless plaintiff can show substantial merit of proposed amendment and comes forward with substantial and convincing evidence for newly asserted claim).

### III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [R. 51] is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

3. Plaintiff's Motion for Leave to File and Serve Supplemental Complaint [R. 56] and Motion to Compel Answers to Interrogatories [R. 57] are **DENIED**.

4. The Court will enter an appropriate Judgment.

5. This matter is **CLOSED** and shall be stricken from the active docket.

This March 29, 2010.



Signed By:
Henry R Wilhoit Jr.
United States District Judge